**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **GARY CHAMINEAK** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-cv-00419-CEJ |
| | ) | |
| **JEFFERSON CAPITAL SYSTEMS, LLC** | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff, Gary Chamineak, and for his First Amended Complaint states as follows:

**INTRODUCTION**

1. This is an action for statutory and actual damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. This is an action for compensatory and punitive damages brought by an individual consumer for violations of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 *et seq.* ("MMPA").

3. Plaintiff seeks to challenge Defendant's litigation misconduct, including but not limited to Defendant's false representations of its standing to file suit and to prosecute its case against Plaintiff as well its purported proof of the validity and amount of the debt Plaintiff allegedly owed that gave rise to the injurious lawsuit.

4. Plaintiff demands a trial by jury on all issues so triable.

1

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over Plaintiff's FDCPA claims under 15 U.S.C. § 1692k(d) because the illicit collection activity was directed at Plaintiff in St. Louis County, Missouri, within the Eastern District of Missouri. Further, this Court has original jurisdiction over Plaintiff's FDCPA claims under 28 U.S.C. § 1331 because they arise under federal law.

6. Plaintiff's MMPA claim is subject to this Court's supplemental jurisdiction because those state-law claims are part of the same case or controversy as his FDCPA claims pursuant to 28 U.S.C. § 1367(a) in that all of Plaintiff's claims relate to his allegation that Defendant filed a debt collection lawsuit against him for the unfair, harassing, and abusive purpose of obtaining judgment on a debt for which Defendant knew it did not possess proof.

7. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(2) because Defendants' illicit conduct occurred in or was directed at Plaintiff in the Eastern District of Missouri.

## PARTIES

8. Plaintiff is a natural person currently residing in the City of St. Louis, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

9. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. Specifically, the alleged debt arose from a personal credit card used by Plaintiff.

10. Plaintiff disputes the debt in its entirety.

11. Defendant Jefferson Capital Systems, LLC is a foreign limited company registered to do business in Missouri. The principal business purpose of Defendant is the

collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

12.     Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant is a "debt collector" as defined by the FDCPA.  15 U.S.C. § 1692a(6).

## FACTS

13.     Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

14.     Defendant's relevant collection activity consisted of filing and prosecuting a knowingly unsubstantiated lawsuit against Plaintiff for the purpose of obtaining a default or consent judgment.

15.     Defendant Jefferson Capital Systems, LLC never possessed the necessary documentation to prove its claims or to even demonstrate it possessed standing.

16.     On November 25, 2014, Defendant filed a six-paragraph breach of contract claim and began prosecuting the lawsuit against Plaintiff in St. Louis City Associate Circuit Court, Cause No. 1422-AC15360 ("Collection Suit"), a copy of which is attached hereto as **Exhibit 1**.

17.     By filing the Collection Suit, pursuant to Missouri Supreme Court Rule 55.03(c), Defendant necessarily declared to the Court and the Plaintiff that it currently possessed or intended on seasonably obtaining evidence supporting the following allegations:

       a. That Jefferson Capital was the assignee of the original creditor, Tribute Card;

       b. That there was an agreement between Tribute Card and Plaintiff; and

       c. That Tribute made demand for payment of an alleged outstanding sum but Defendant failed to pay.

18. Upon information and belief, it is Defendant's practice to attach an affidavit at the outset of its debt collection lawsuits so as to avoid having to remember to produce an affidavit or other proof before motioning the court for a default judgment if the consumer does not appear.

19. In accordance with this practice, Defendant chose to attach an affidavit to the Collection Suit (attached hereto as **Exhibit 2**) and affirmatively attested that it possessed the current means to prove its claims at the time it initiated the lawsuit.

20. The affidavit that Defendant attached to its Collection Suit contained multiple false and misleading statements in violation of the FDCPA.

21. Specifically, Defendant attested that it possessed the books and records that proved Plaintiff owed the amount alleged to be due within its Petition as well as the books and records that proved Plaintiff was obligated to pay Defendant directly as a valid assignee of the debt.

22. Defendant's attestations were based on purported personal knowledge, information, and belief of the underlying records "that were made at or near the time of the transaction" giving rise to Plaintiff's alleged debt.

23. However, Defendant attached an affidavit that was executed by its own employee as opposed to one from the original creditor.

24. Contrary to her representation, Defendant's affiant was not in a position to testify to the validity of records "that were made at or near the time of the transaction" with Plaintiff's original creditor, much less with personal knowledge.

25. Defendant's affiant further attested to the Court and the Plaintiff, based on a personal review of the books and records pertaining to Plaintiff's alleged debt, that Defendant was a valid assignee of the debt and thus had standing to file suit.

26. Upon information and belief, Defendant's attestations were false. Contrary to her representation, Defendant's affiant had not reviewed the records that demonstrated Jefferson Capital had standing to file and maintain a lawsuit against Plaintiff.

27. Defendant's affiant was not able to attest as to whether Jefferson Capital was a direct assignee of the original creditor or some other entity, stating that Jefferson Capital "purchased the credit account . . . from the Original Creditor or its Assignee."

28. If Defendant's affiant truly reviewed the records that proved Jefferson Capital had standing to file suit, she would have known the actual assignor from whom Jefferson Capital was assigned the debt.

29. As a jurisdictional prerequisite for obtaining relief against Plaintiff, Jefferson Capital was obligated to have proof of standing in compliance with the requirements of <u>CACH, LLC v. Askew</u>, 358 S.W.3d 58, 63 (Mo. banc 2012).

30. Defendant did not possess and thus had not reviewed the bills of sale that identified Plaintiff's specific account at each chain of the assignment or an affidavit from each prior assignor attesting to the validity of Plaintiff's alleged debt at each chain of the assignment.

31. Accordingly, Defendant did not possess the necessary evidentiary foundation to nonetheless maintain to the Court and the Plaintiff, upon purported personal knowledge, that Defendant had standing to file and continue to prosecute the Collection Suit against Plaintiff.

32. Defendant purposefully kept the affidavit vague so as to conceal the fact that its affiant did not personally review the records that supported its standing to seek relief arising out of Plaintiff's alleged debt.

33. Similarly, Defendant's employee attested to the Court and to the Plaintiff that, based on her personal review of the original books and records, the amount it was attempting to collect was valid and correct.

34. Defendant's affiant, however, was unable to attest as to how the amount was comprised, indeterminately declaring that it was "comprised of purchases, late payment fees, over limit fees, membership fees *and/or* other pre-charge off fees/charges."

35. Defendant did not attach any contract or agreement purportedly existing between the original creditor and Plaintiff to the Collection Lawsuit even though Missouri law expressly instructed Defendant to do so.  *See* Mo. Rev. Stat. § 517.031.

36. Defendant neglected to attach this documentation because, contrary to its affiant's representations, it did not possess these documents.

37. Within its affidavit, Defendant did not even bother to update the "Original Creditor" with whom Plaintiff originally contracted.

38. Upon information and belief, Defendant utilized a form affidavit that it attaches to multiple debt collection lawsuits and simply changed (1) the consumer's name; (2) four digits of the account number; and (3) the alleged balance due.

39. After updating its form affidavit in order to attach it to Plaintiff's Collection Suit, Defendant arranged for its own employee to sign the affidavit without ensuring that she actually reviewed the books and records of which she falsely attested as having personal knowledge.

40. Defendant's practice is commonly referred to as "robo-signing" and is a violation of Section 1692e of the FDCPA.

41. In December of 2014, Defendant served Plaintiff with a copy of the knowingly unsubstantiated Petition and false Affidavit.

42. Immediately thereafter, Plaintiff retained an attorney to represent him in defense of Defendant's baseless Collection Suit.

43. On December 9, 2014, Plaintiff, by and through his counsel, filed his Answer and Affirmative defenses denying all materials allegations.

44. That same day, Plaintiff served Defendant with straightforward discovery requests requesting Defendant produce the documentation and information that Defendant attested within its Affidavit that it possessed.

45. In response to Plaintiff's request for proof of the alleged debt, Defendant refused to send any documentation and instead quickly dismissed the lawsuit on December 17, 2014, mere weeks after Defendant had filed it.

46. This was a tacit admission that Defendant's allegations lacked merit despite the fact that Defendant attached an affidavit to its lawsuit less than one month prior to its dismissal wherein Defendant falsely attested to possessing proof of the validity of the alleged debt and its standing to maintain the lawsuit.

47. Defendant filed the Collection Suit for the purpose of obtaining a default or consent judgment without ever intending to prove its claims.

48. As supported by the fact that Defendant opted to dismiss its case once Plaintiff retained an attorney who demanded proof of Defendant's claims, Defendant never possessed the means or the intent to produce the evidence required in Missouri to prove the amount and/or validity of the debt.

49. Defendant lacked (1) valid proof of assignment from Plaintiff's original creditor and any subsequent debt purchasers to Jefferson Capital, (2) valid proof that the debt was even owed, and (3) the required contract needed to obtain judgment.

50. Defendant was not in possession of the original contract, agreement, or itemized bills showing that the actual amount Defendant was attempting to collect was valid and accurate.

51. Accordingly, Defendant was attempting to collect an amount not expressly authorized by the agreement that created Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692f(1).

52. Defendant filed and pursued the Collection Suit while actively and falsely representing to the Court that Defendant had standing and sufficient proof as to the validity and amount of the debt.

53. Plaintiff incurred substantial cost to hire an attorney to defend Defendant's baseless suit.

54. Plaintiff never entered into any agreement whereby he consented to arbitrate disputes between himself and Defendant.

55. Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to attorneys' fees to defend Defendant's Collection Suit, anxiety, frustration, and worry.

## COUNT II: VIOLATION OF THE MMPA

56. Plaintiff incorporates all prior paragraphs as if fully stated herein.

57. Defendant used deception, false pretenses, false promises, misrepresentation, factual omissions and unfair business practices when it deceived Plaintiff about its means and intent to prove a breach of contract or account stated cause of action against Plaintiff.

58. Defendant's trial tactic of filing a lawsuit on a knowingly unsubstantiated debt in order to obtain a default judgment or consent judgment was unfair.

59. Defendant never intended on obtaining proof in support of its allegations against Plaintiff but continued to pursue him in order to coerce a payment.

60. Once Plaintiff was forced to retain an attorney, Defendant promptly dismissed its knowingly unsubstantiated lawsuit.

61. Defendant intentionally filed the lawsuit against Plaintiff while knowing it never possessed the means or intent of proving its allegations.

62. Defendant made knowingly false statements and representations in an attempt to obtain a payment on the alleged debt.

63. Defendant's actions were thus wanton, willful, and in deliberate disregard of Plaintiff's rights justifying the imposition of punitive damages.

64. Defendant's misrepresentation and/or concealment occurred in connection with the enforcement of an alleged loan or line of credit.

65. Defendant's misrepresentation and/or concealment caused Plaintiff an ascertainable loss of money in the amounts he paid, or caused to be paid, to for attorneys' fees to defend against Defendant's unlawful collection lawsuit.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for:

A. Actual damages;

B. Punitive damages pursuant to Mo. Rev. Stat. § 407.025(1) in the largest amount allowed by law;

C. Reasonable attorney's fees pursuant to Mo. Rev. Stat. § 407.025(1);

D. For such other and further relief as the Court deems proper.

**VOYTAS & COMPANY**

/s/ Richard A. Voytas, Jr.

_____

Richard A. Voytas, Jr., #52046MO
Voytas & Company
1 North Taylor Ave.
St. Louis, Missouri 63108
Phone: (314) 932-1068