UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **GARY CHAMINEAK**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 4:15-cv-00419-CEJ |
| | ) |
| **JEFFERSON CAPITAL SYSTEMS, LLC**, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

### I. INTRODUCTION

Defendant Jefferson Capital Systems, LLC's Motion to Dismiss should be denied because, with all pleaded facts taken as true, Plaintiff's claims in his Second Amended Complaint are more than adequate to pass the low bar to survive dismissal. Plaintiff pleads that Jefferson Capital used (and continues to use) a simple collection lawsuit scheme. Jefferson Capital filed the underlying state court lawsuit on a debt that it purchased in bulk without any of the documentation or other evidence sufficient to establish that the debt was valid, that the amount of the debt was accurate, or that Jefferson Capital even possessed the requisite standing to sue on the debt.

Jefferson Capital paid no heed to these deficiencies because it never intended on obtaining evidentiary proof to support its allegations. Instead, Jefferson Capital filed suit with the pre-planned purpose of obtaining either a default or consent judgment against an unsophisticated and unsuspecting consumer without having to ever obtain evidence supporting its standing or substantive allegations. If Jefferson Capital's gamble did not work and the

1

consumer obtained an attorney who knew enough to ask Jefferson Capital to actually produce evidence in support of its allegations, Jefferson Capital planned on dismissing its own case.

Under these facts, Plaintiff has, at minimum, pleaded a claim under the Fair Debt Collection Practices Act ("FDCPA"), a statute whose purpose is to generally prohibit unfair, deceptive, and dishonest debt collection practices. It is difficult to conceive of a more dishonest or unfair method to attempt to collect an alleged debt. In addition, Defendant's conduct violated the Missouri Merchandising Practices Act ("MMPA") which protects consumers from all conduct that occurs in connection with a sale of merchandise – including deceptive collection activities perpetrated in order to obtain payment arising from that sale. If the contest is on the pleadings alone, Mr. Chamineak has stated a valid claim for relief. This Court should deny Jefferson Capital's Motion to Dismiss.

## II. STANDARD OF REVIEW

When reviewing Federal Rule of Civil Procedure 12(b)(6) motions to dismiss, "the Court must take as true the allegations contained in the complaint." Bryant v. Bonded Account Service/Check Recovery, Inc., 208 F.R.D. 251, 254 (D. Minn. 2000). The allegations must also "be viewed in the light most favorable to the plaintiff and should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982). "Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Jackson Sawmill Co., Inc. v. U.S., 580 F.2d 302, 306 (8th Cir. 1978). As demonstrated below, Plaintiff's claims and supporting factual allegations are at least sufficient to meet this basic standard.

## III.  ARGUMENT

A. **The Court Should Deny Jefferson Capital's Motion to Dismiss Because Plaintiff's Complaint States a Claim under Sections 1692d, e, and f of the FDCPA.**

Jefferson Capital, by ignoring the plain language of the FDCPA and our District's decisions interpreting the Act, argues that – as a matter of law – Plaintiff fails to state a claim under the FDCPA claims.  In the alternative, Jefferson Capital argues that Plaintiff has otherwise failed to plead sufficient fact supporting his FDCPA claims in this case.  Defendant's Motion to Dismiss should be denied because Plaintiff's Second Amended Complaint meets the minimal requirements of federal pleadings.  Plaintiff alleges specific facts and connects them to violations of Sections 1692d-f of the FDCPA <u>that this very District has repeatedly recognized</u> – facts which he fully anticipates on proving through discovery.

   1. *Plaintiff's Pleaded Facts Must Be Taken as True for Purposes of Defendant's Motion to Dismiss.*

The indisputable facts with respect to this case are as follows.  Defendant attempted to collect Plaintiff's alleged debt related to a personal line of credit.  Plaintiff's Second Amended Complaint, Doc. #14, at ¶ 9.  Defendant's principal business purpose is to collect debts in Missouri and nationwide, and it regularly attempt to collect debts alleged to be due another.  <u>Id.</u> at ¶¶ 11-12.  On November 25, 2014, Defendant sued Plaintiff to recover the alleged debt.  <u>Id.</u> at ¶¶ 16-17.  Defendant's entire Petition was comprised of six paragraphs; Defendant purported to assert a claim under an unspecified legal theory.  <u>Id.</u> at ¶ 16; Doc. #16-1.  Pursuant to Missouri Supreme Court Rule 55.03(c), by filing and continuing to prosecute the lawsuit, Defendant represented to the Plaintiff and the Court that it currently possessed or seasonably intended on obtaining the requisite evidence to prove its claims.  Doc. #14, at ¶ 9, 14; Mo. Sup. Ct. R. 55.03.

However, Defendant did not possess any evidentiary proof of its allegations at the time it filed the lawsuit and, more importantly, never intended on obtaining such proof during the course of its lawsuit. Id. at ¶¶ 15, 48, 57(a), (c). Instead, Defendant filed the collection suit for the unfair and oppressive purpose of obtaining a default or consent judgment without ever intending to prove its claims. Id. at ¶¶ 14, 47. Notwithstanding, Defendant affirmatively filed an affidavit at the outset of its lawsuit representing that it did, in fact, possess the requisite evidentiary proof of its standing and entitlement to relief. Id. at ¶¶ 17-18; Doc. #16-2. Specifically, Defendant claimed it possessed and had reviewed the business records that proved Plaintiff was obligated to pay the debt. Doc. #14 at ¶¶ 21-22; Doc. # 16-2. Defendant attested that, upon a personal review of these business records, the evidence demonstrated it was a valid assignee of the debt, and thus had standing to file the lawsuit. Id. Defendant further asserted that the business records it possessed demonstrated that Plaintiff owed Defendant a valid and accurate amount of $1,123.80. Id.

In his Second Amended Complaint, Plaintiff pleads that Defendant's sworn statements were false and misleading. Doc. #14 at ¶¶ 20-40. Defendant did not possess and had never even seen the original creditor's business records regarding the debt; Defendant nonetheless attested that it had reviewed and possessed the "business records provided to Plaintiff by the Original Creditor or its Assignee." Id. at ¶¶ 25-26, 33. Similarly, Defendant had never reviewed the business records demonstrating it had standing to file the lawsuit, as demonstrated by the lack of specificity in the affidavit wherein it was unable to provide whether its assignor was the original creditor or another third party. Id. ¶¶ 27-28. Defendant never possessed the records required to establish a chain of assignment or to support its declaration that it had standing to file suit as the real party in interest. Id. at ¶¶ 30-31. Defendant did not attach any original documentation to the

4

lawsuit that substantiated the amount or validity of the debt because it never possessed, much less reviewed, those documents. Id. at ¶¶ 35-36. Defendant purposefully kept the affidavit vague to conceal the fact that, contrary to its attestations, its affiant did not personally review the business records that supported its ability to seek relief arising out of Plaintiff's alleged debt. Id. at ¶¶ 32, 38-40.

Plaintiff hired an attorney to defend him against the lawsuit. Id. at ¶ 42. Plaintiff's counsel immediately filed an Answer and Affirmative defenses challenging Defendant's standing and means to prove the alleged debt. Id. at ¶ 43. That same day, Plaintiff served Defendant with written discovery demanding strict proof of its allegations. Id. at ¶ 44. In response, Defendant showed its hand and revealed that it had no intention of obtaining evidence to prosecute the lawsuit. Id. at ¶¶ 45-46. Instead, immediately after the Plaintiff obtained an attorney who served Defendant with discovery, Defendant hastily dismissed its case. Id. at ¶¶ 46-47. These allegations, at the very least, create a factual question for the jury as to whether Defendant ever intended on possessing proof to substantiate its lawsuit or affidavit in the first place.[1]

### 2. *Plaintiff's Facts, If Proven, Would Entitle Him to Relief Under Sections 1692d, e, and f of the FDCPA.*

Plaintiff alleges that Jefferson Capital filed and prosecuted a lawsuit against Plaintiff it knew it did not, and would not, possess sufficient proof to prove its claim, in violation of Sections 1692d-f. Doc. #14, ¶¶ 15, 48, 57(a), (c). Plaintiff further alleges that Jefferson Capital falsely attested that it possessed and had reviewed documentation supporting its standing to file

---

[1] Plaintiff does not intend to concede that this is invariably a factual determination precluding the court's subsequent dispositive ruling on the issue. To the contrary, Plaintiff intends on obtaining evidence through discovery which indisputably proves that Defendant never possessed the means or intent of following through with its threat of obtaining evidence to support its claims against Plaintiff. This argument, however, is premature within the context of the instant motion.

suit and proof to obtain a judgment. Id., at ¶¶ 21-24, 57(b). Multiple courts, including this very District, have recognized that these allegations, taken as true, sufficiently state a claim under Sections 1692d, e, and f of the FDCPA.

      a.    <u>Defendant threatened action that it could not and never intended to take, namely proving the claims in its lawsuit and affidavit.</u>

Subsection 1692e(5) prohibits debt collectors from "threaten[ing] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Thus, the Subsection prohibits two separate things: 1) threatening to take action that cannot be taken, and 2) threatening to take action that is not intended to be taken. By filing its lawsuit, Defendant threatened to prosecute the case to a successful conclusion, taking judgment against Plaintiff by winning on the facts. This is mandated not only by logic, but by Missouri Supreme Court Rules which governed the lawsuit. Missouri Supreme Court Rule 55.03(c) provides, in relevant part:

> By presenting and maintaining a claim . . . in a pleading, . . . an attorney or party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that:
> . . .
> (3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

However, Defendant could not take the threatened action because it never possessed competent evidentiary support for its factual allegations. Further, circumstantial evidence, properly alleged by Plaintiff, reveals that Defendant never intended to prove its factual allegations and successfully prosecute the case on the facts. These allegations, taken as true, are more than sufficient to state a recoverable claim under Subsection 1692e(5).

Jefferson Capital principally relies upon two out-of-Circuit decisions in support of its position that Plaintiff's Complaint fails to state a claim: <u>Harvey v. Great Seneca Fin. Corp.</u>, 453

6

F.3d 324 (6th Cir. 2006) and Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC, 480 F.3d 470 (7th Cir. 2007). Importantly, Jefferson Capital ignores that this District has already explained why those decisions are factually distinguishable from FDCPA claims, such as the instant one, in which the debt collector files suit knowing it does not, and will not, possess the underlying evidence to support its allegations. Hinten v. Midland Funding, LLC, No. 2:13 CV 54 DDN, 2013 WL 5739035 (E.D. Mo. Oct. 22, 2013); Brewer v. LVNV Funding, LLC, No. 4:14CV00942 AGF, 2014 WL 5420274 (E.D. Mo. Oct. 22, 2014).

In Hinten v. Midland, LLC, the plaintiff alleged that Midland filed a debt collection lawsuit "without sufficient evidence, knowledge thereof, or intent to investigate, which constitutes a misrepresentation regarding the character, amount, and legal status of the debt" and "that such conduct constitutes a false or misleading representation because, by filing a lawsuit, defendant represents its intent to continue to prosecute it." No. 2:13 CV 54 DDN, 2013 WL 5739035, at *6 (E.D. Mo. Oct. 22, 2013). Judge Ross held that these allegations stated cognizable claims under the FDCPA and were supported by the minimum necessary factual allegations (specifically, that Midland did not produce any documentation during litigation and instead voluntarily dismissed its own case) to "'nudge' the general allegations regarding defendant's intent 'across the line from conceivable to plausible.'" Id. at *8 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009)).

Likewise, in Brewer v. LVNV, the debtor alleged that LVNV "knew that it did not have any evidence to support its claim, and that the purpose of the collection action was, consistent with LVNV's practice and pattern, to obtain a default or consent judgment." No. 4:14CV00942 AGF, 2014 WL 5420274, at *1 (E.D. Mo. Oct. 22, 2014). Judge Fleissig held that these allegations were sufficient to state a claim under Sections 1692d-e and that LVNV's arguments

went more to the underlying merit of the allegations: "It may be that LVNV will prevail on Plaintiff's FDCPA claims on summary judgment, but the Court concludes that the motion to dismiss these claims must be denied." Id. at *2.[2] Both Judge Ross and Judge Flessig also distinguished Harvey v. Great Seneca Fin. Corp., 453 F.3d 324 (6th Cir. 2006), Defendant's primary citation in its Motion to Dismiss, by noting that:

> [In Harvey] the Sixth Circuit framed the debtor's allegation as, "at the time of filing, [the creditors] did not have the means of proving their debt-collection claim." However, here, plaintiffs allege that, at the time of filing, defendant not only lacked the means to prove their claim but the intention to do so.

Hinten, 2013 WL 5739035 at *7 (citation omitted); Brewer, 2014 WL 5420274 at *2.[3]

Throughout its entire Motion, Jefferson Capital studiously avoids citing to this District's prior decisions in Hinten or Brewer on this very point.[4] Plaintiff, however, understands his duty of candor to the Court and notes that in Rollins v. Midland Funding, LLC, No. 4:14CV01976 ERW, 2015 WL 3506556 (E.D. Mo. June 3, 2015), this District did not find in favor of a consumer under its given circumstances. However, even in Rollins, the Court's decision explicitly supports Plaintiff's claims as pleaded in his Second Amended Complaint.

---

[2] The plaintiff's First Amended Complaint in Brewer, which was the subject of the motion to dismiss, is attached hereto as **Exhibit 1**. Notably, a comparison to Plaintiff's Second Amended Complaint demonstrates that Plaintiff's Complaint contains nearly the same allegations and actually provides more evidentiary support than the allegations Judge Fleissig held were sufficient to survive dismissal in Brewer.

[3] Judge Fleissig also cited and relied upon a number of decisions that also have held Plaintiff's allegations are sufficient to state a claim under Sections 1692e. Prince v. LVNV Funding, LLC, No. 2:13-CV-462-WKW, 2014 WL 3361912 (M.D. Ala. July 9, 2014), Samuels v. Midland Funding, LLC, 921 F. Supp. 2d 1321 (S.D. Ala. 2013); Kuria v. Palisades Acquisition XVI, LLC, 752 F. Supp. 2d 1293, 1302 (N.D. Ga. 2010)); *see also* Royal Fin. Grp., LLC v. Perkins, 414 S.W.3d 501, 505 (Mo. App. E.D. 2013) (interpreting Missouri's own state court rules for filing and prosecuting a claim and holding that the consumer stated a claim under Section 1692e of the FDCPA where the debt collector falsely attested to be the assignee of the original creditor without possessing documentation of the chain of assignment and filed the lawsuit without the intent to obtain the necessary proof to support its allegations).

[4] This omission is even more glaring given that Jefferson Capital's same counsel in this case represented the debt collectors in both in Hinten and Brewer and filed similar motions to dismiss which were denied.

8

In Rollins, the plaintiff only alleged that Midland violated the FDCPA when it filed a debt collection lawsuit without the immediate means of proving its case. Id. Judge Webber concluded that, without the additional allegations that Midland never intended on obtaining such evidence, plaintiff failed to state a claim. Id. ("[T]the type of 'lack of intent' allegations made by the plaintiffs in Hinten and Brewer are completely absent from Rollins's First Amended Complaint, and without those allegations, the First Amended Complaint more closely resembles the claims made in Harvey. Thus, the Court construes Rollins's 'lack of proof' allegations as merely claiming Midland filed suit without the *immediate means* of proving the existence, amount, or true owner of the debt."). Id. Therefore, Judge Webber dismissed the complaint without prejudice, and the plaintiff subsequently refiled her complaint against Midland. See Mary Rollins v. Midland Funding, LLC, Circuit Court of Jefferson County, Missouri, Case No. 15JE-AC02340. Therein, as Judge Webber instructed, Plaintiff expressly pleaded that Midland filed a debt collection suit against her without ever intending on possessing the evidence to prove its claims – allegations which are unquestionably present in Plaintiff's Second Amended Complaint.

As our District has reasoned, there is a qualitative difference between not possessing the necessary evidence on hand to immediately prove one's claim at the time of filing (as in Harvey and Rollins) and the unlawful practice of filing a lawsuit without ever intending on obtaining that evidence with the hope of simply obtaining a default or consent judgment, as Plaintiff alleges Jefferson Capital did here. Cf. Plaintiff's Second Amended Complaint, Doc. #14 at ¶¶ 15, 48, 57(a), (c). As this Court has already held, these allegations are sufficient to state a claim. Moreover, Plaintiff provides sufficient factual support of these allegations.

Plaintiff pleads that Defendant filed a single-Count lawsuit against Plaintiff based on a purported agreement Plaintiff entered into with a third party. Given the nature of its claim, Defendant was expressly instructed under Missouri to attach and file a copy of the contract it was suing on. Mo. Rev. Stat. § 517.031. Defendant failed to do so. During the course of the litigation, Plaintiff attempted to test the veracity of Defendant's representations within its petition and affidavit by serving Defendant written discovery. Again, Defendant possessed the opportunity to produce the instrument upon which he was suing, as well as proof of his standing to pursue the action. Defendant failed to do so. Instead, Defendant chose to dismiss its own case immediately after being served with written discovery demanding proof of the "business records" Defendant had already attested to possessing. As in Hinten, Defendant's refusal to produce any documentation in the course of the litigation and instead dismiss its own lawsuit is more than sufficient factual support to "'nudge' the general allegations regarding defendant's intent 'across the line from conceivable to plausible.'" Hinten, 2013 WL 5739035 at *8.

In its Motion to Dismiss, Defendant argues that its procedural failure to attach the written instrument upon which its lawsuit was based and/or by provide the bills of sale or affidavits from the prior assignors demonstrating its standing to file seek relief in accordance with the Missouri Supreme Court's holding of CACH, LLC v. Askew, 358 S.W.3d 58, 62-63 (Mo. banc 2012) is not a FDCPA violation entitling Plaintiff to relief.[5] Defendant misreads the import of Plaintiff's

---

[5] In Askew, the debt buyer used an affidavit of its own employee, as Jefferson Capital did here, to demonstrate its standing to sue. Askew, 358 S.W. 3d at 64. In its Motion to Dismiss, Jefferson Capital argues that Askew dealt with a debt buyer's inability to prove its standing at the time of trial. (Doc. #16, p. 14). However, as the Missouri Supreme Court has held, Jefferson Capital was obligated to possess proof of standing at the time it obtained relief as a jurisdictional prerequisite. *See* In re Ancillary Adversary Proceeding Questions, 89 S.W.3d 460, 463 (Mo. 2002) ("Until [the] Court determines the issue of standing, it cannot reach the other issues raised by the parties, for standing is a jurisdictional matter antecedent to the right to relief."). With respect to standing, the Askew court noted, "In cases that involve a party attempting to recover on an account owed to some other party, proof of an assignment of the account is essential to a recovery." Askew, 358 S.W. 3d at 61-62.

allegations on this point. Plaintiff does not claim a standalone FDCPA violation for Defendant's failure to follow Missouri's court rules or the Missouri Supreme Court's clear instruction in Askew; rather, Plaintiff alleges Defendant's undisputed failure to follow this authority helps demonstrate that it lacked the means to obtain a judgment despite its declarations in its affidavit to the Court and Plaintiff otherwise.

Jefferson Capital supported its entire lawsuit with an affidavit executed by its own employee who attested as to the validity of the debt based on her review of "business records" that were provided by the original creditor. Jefferson Capital's inability to attach such documentation (especially when expressly instructed to do so under Missouri law) and subsequent dismissal of its own claims once served with discovery demanding proof of its allegations provides – at the very least – sufficient factual support that Jefferson Capital filed its lawsuit on a debt for which it *never intended* on possessing the requisite means to prove its claim. As noted in Hinten and Brewer, these allegations, taken as true, are sufficient to meet the low bar required of pleadings and, if proven, would indeed entitle Plaintiff to relief under Subsection 1692e(5) of the FDCPA.

      b.    <u>Defendant made false, deceptive, and misleading statements within the lawsuit and its affidavit.</u>

Section 1692e generally prohibits any "false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Debt collection litigation, like Defendant's suit at issue in this case, is activity that is actionable under the FDCPA. See Heintz v. Jenkins, 514 U.S. 291, 296, 299 (1995) (holding that "the [FDCPA] applies to…consumer-debt-collection activity, even when that activity consists of litigation."); Hinten v. Midland Funding, LLC, No. 2:13 CV 54 DDN, 2013 WL 5739035, at *6 (E.D. Mo.

Oct. 22, 2013) ("The Act's prohibitions apply to collection efforts through litigation") (citing Hemmingsen v. Messerli & Kramer, P.A., 674 F.3d 814, 818 (8th Cir.2012)).

A debt collector violates Section 1692e when it makes a false or misleading statement within the affidavit it attaches to its legal pleadings. See Williams v. Javitch, Block & Rathbone, LLP, 480 F. Supp. 2d 1016, 1022 (S.D. Ohio 2007) (denying motion to dismiss Sections 1692e claim where the plaintiff pleaded that "the 'account specialist' who executed the affidavit lacked personal knowledge of the matters she was attesting to in that affidavit."); Kuria v. Palisades Acquisition XVI, LLC, 752 F. Supp. 2d 1293, 1302 (N.D. Ga. 2010) (denying the motion to dismiss where the debt collector "'knew or should have known' that the affidavits supporting the lawsuit were false or that the affiant 'lacked personal knowledge' of the matters to which he or she attested."); Eckert v. LVNV Funding LLC, 647 F. Supp. 2d 1096, 1102-03 (E.D. Mo. 2009) ("Here, Plaintiff's claims all arise out of statements made in the state court petition and attached affidavit. Because the FDCPA applies to litigation activities, which include the filing of pleadings and affidavits, the Court finds that the FDCPA applies to the Defendant's actions."); Williams v. Javitch, Block & Rathbone, LLP, 480 F. Supp. 2d 1016, 1022 (S.D. Ohio 2007) ("[Plaintiff] essentially alleges that [defendant's] 'pattern and practice' is to prepare and file debt collection complaints attaching affidavits from creditors whose knowledge of the specifics of the original debt is limited or non-existent…. [Plaintiff] alleges that [defendant] knew or should have known that the 'account specialist' who executed the affidavit lacked personal knowledge of the matters she was attesting to in that affidavit. This alleges more than a lack of an adequate 'paper trail'….").

In his Second Amended Complaint, Plaintiff alleges that Defendant's representative testified that she had reviewed business records provided by "the Original Creditor or its

Assignee" which demonstrated that Plaintiff was indebted directly to Jefferson Capital for an alleged credit account Plaintiff opened with a third party. This was false. Defendant's lack of specificity in the affidavit, including its inability to state whether the records came from the original creditor or another assignee, and whether it purchased the account itself from the original creditor or another assignee, supports the inference that the representative lacked personal knowledge of the records. This inference is further supported by the fact that the records Defendant claimed to have possessed and reviewed, which were essential to substantiate Defendant's allegations before seeking relief on the merits, were not attached to the affidavit or lawsuit. Defendant's representative also testified that the business records she reviewed reflected a balance of $1,123.80, and that the records proved the balance was accurate. Again, having never possessed or seen the original creditor's records, Defendant's sworn statement was made without knowing whether it was actually true – an allegation which is further supported by the fact that Defendant's affiant was not even able to attest whether the total amount due was comprised of late fees, the principal balance, or other charges.

Plaintiff anticipates that Defendant will attempt to argue that its affiant's statements were not "strictly" false because she merely intended to attest that she reviewed Jefferson Capital's own records as opposed to the original creditor's records. Such an assertion would simply serve to reinforce Plaintiff's pleaded claims under Section 1692e that Jefferson Capital filed the lawsuit and attached the affidavit at the outset for the purposes of obtaining a default judgment. If Defendant did not possess and had not reviewed the original documents necessary to obtain judgment, then the act of filing and attaching an affidavit of merit in order to obtain a default judgment was necessarily misleading and deceptive. "Plaintiffs do not merely allege that the…defendants 'lack physical evidence of the debt,' but that they knowingly authorized

defendant…to file false affidavits of merit—misleading both the Civil Court and consumer-defendants—to secure default judgments." Sykes v. Mel Harris & Associates, LLC, 757 F. Supp. 2d 413, 423-24 (S.D.N.Y. 2010).

Defendant authorized its representative to execute an affidavit attesting that it possessed the necessary proof entitling it to relief and of its standing to personally pursue the claim. Defendant knew this was false. Taken as true, Defendant submitted a false and misleading collection communication in violation of Section 1692e.

   c. <u>Defendant intended to use its debt collection lawsuit only as a vehicle to obtain a consent or default judgment from Plaintiff without ever intending on proving its claims.</u>

Sections 1692d and f generally prohibit deceptive, abusive, and unfair practices in attempting to collect debts. See 15 U.S.C. § 1692d, f. Generally, claims under 1692d and f "are highly fact intensive and are normally questions for the trier of fact at trial." Istre v. Miramed Revenue Group, LLC, No. 4:14 CV 1380 DDN. Plaintiff's claim here is for a violation of these general prohibitions in Defendant's collection lawsuit scheme at issue.

Defendant, consistent with its collection litigation scheme, filed the lawsuit without any valid evidence to support its allegations. It lacked any of the original contract documents to prove the validity or amount of the debt. As shown above, Defendant's only "evidence" was the affidavit, and being almost entirely untruthful and misleading, was incompetent evidence. Defendant knew the affidavit was deficient and knew it lacked competent evidence at the time it filed the lawsuit. This was not a problem, however, as it never intended to prove its case on the facts. Instead, Defendant foresaw three potential outcomes: (1) Plaintiff would fail to appear at the first hearing and it would take a default judgment, (2) Plaintiff would appear, but lacking legal sophistication, Defendant could bully him into a consent judgment, or (3) Plaintiff would

14

hire a lawyer to contest the lawsuit, and if Defendant could not obtain a settlement, it would simply dismiss on the eve of trial. This is as deceptive, abusive, and unfair a collection litigation scheme as can be imagined. This District has held that these allegations are sufficient to state a claim under Sections 1692d and f. See Hinten, 2013 WL 5739035 at *7 (holding that Plaintiff's same allegations state a claim under Section 1692f); Brewer, 2014 WL 5420274 at *2 (same with respect to Section 1692d).

Since Plaintiff has pleaded violations of the general proscriptions of Sections 1692d and f, Defendant's Motion to Dismiss should be denied.

**B.**     **Plaintiff Has Stated a Valid Claim for Relief under the Missouri Merchandising Practices Act.**

Plaintiff has pleaded all essential elements of a MMPA claim. Those are: (1) Plaintiff purchased merchandise, (2) for personal, family, or household purposes, (3) Plaintiff suffered an ascertainable loss of money, and (4) this loss was the result of an act declared unlawful under the MMPA. Edmonds v. Hough, 344 S.W.3d 219, 223 (Mo. App. 2013); *see* RSMo. § 407.025.1. First, Plaintiff obtained a personal credit card. Second, the alleged charges were made for personal use. Third, Defendant's unlawful collection lawsuit caused Plaintiff an ascertainable loss of money in the amounts he paid, or caused to be paid, for attorneys' fees to defend against the lawsuit.[6] Finally, Defendant knowingly and willfully used deception, lies, misrepresentation,

---

[6] Previously, the Missouri Court of Appeals held that third-party debt collection activities were not done "in connection with" the initial sales transactions, and therefore dismissed MMPA claims against debt collectors. State ex rel. Koster v. Professional Debt Management, LLC, 351 S.W.3d 668, 674 (Mo. App. 2011); State ex rel. Koster v. Portfolio Recovery Associates, LLC, 351 S.W.3d 661, 667 (Mo.App.2011). The Missouri Supreme Court overruled these holdings. Conway v. CitiMortgage, Inc., 438 S.W.3d 410, 416 (Mo banc. 2014). In Conway, the Court found that "[g]iven that the MMPA was enacted to supplement the common law definition of fraud, there is no compelling reason to interpret 'in connection with' to apply only when the entity engaged in the misconduct was a party to the transaction at the time the transaction was initiated...." Id. at 415. "[H]ow a party enforces the terms of a 'sale' is 'in connection with' the original sale of merchandise," and thus "a party's right to collect a loan is part of that sale and is…'in connection with' the loan." Id.

and unfair business practices to mislead Plaintiff about its means and intent to prove the factual allegations in the lawsuit.

In its Motion to Dismiss, Defendant only argues in passing that Plaintiff has failed to state an MMPA claim. Defendant's sole basis for dismissal is that Plaintiff's allegations are simply a post-hoc challenge as to whether Defendant could have did proved its allegations at the time it filed the lawsuit. Defendant reasons that this type of "evidentiary issue" does not rise to the level of an MMPA violation because there is nothing deceptive about filing a complaint but not being able to subsequently prove one's allegations. Plaintiff agrees. However, Defendant's whole argument is based on a flawed characterization of Plaintiff's Second Amended Complaint. Plaintiff is not seeking relief under the MMPA because Jefferson Capital simply failed to prove its claims during litigation. Plaintiff's actual allegations under the MMPA in his Second Amended are as follows:

- Defendant never intended on obtaining proof in support of its allegations against Plaintiff but continued to pursue him in order to coerce a payment.

- Defendant's trial tactic of filing a lawsuit on a knowingly unsubstantiated debt in order to obtain a default judgment or consent judgment was unfair.

- Defendant intentionally filed the lawsuit against Plaintiff while knowing it never possessed the means or intent of proving its allegations.

- Defendant made knowingly false statements and representations in an attempt to obtain a payment on the alleged debt.

Plaintiff's Second Amended Complaint, Doc. # 14, ¶¶ 64-67.

If proven, Plaintiff's allegations would indeed entitle him to relief under the MMPA. Defendant filed a lawsuit against Plaintiff for the sole purpose of obtaining a default or consent judgment without having to prove its allegations. If Plaintiff obtained an attorney, Defendant planned on simply dismissing its own case and going on to the next unsophisticated consumer.

In this case, Plaintiff was fortunate enough to locate an attorney to defend him against the lawsuit. Plaintiff's attorney was able to see through Defendant's posturing and demanded proof of its allegations. In accordance with its pre-planned scheme, Defendant immediately dismissed its own lawsuit rather than obtain evidentiary support of its claims. Defendant perpetrated the scheme at Plaintiff's expense; he was forced to expend considerable resources in paying an attorney to defend the lawsuit that Defendant never intending on litigating on the merits in the first place.

At the pleadings stage, Defendant cannot sensibly argue that, as a matter of law, no reasonable jury could conclude Defendant's consumer-funded gambling scheme is an unfair practice that prays upon Missouri consumers such as Plaintiff. See Ports Petroleum Co. of Ohio v. Nixon, 37 S.W.3d 237, 240 (Mo. banc 2001) (noting that under the MMPA, an unfair practice "cover[s] every practice imaginable and every unfairness to whatever degree."). Other than blatantly mischaracterizing Plaintiff's allegations, Defendant provides no other reason in support of its requested dismissal of Plaintiff's MMPA claims. Therefore, Defendant's Motion to Dismiss Plaintiff's MMPA claim should be denied.

## IV. CONCLUSION

As this Court has already recognized, Jefferson Capital's false and misleading representations within its legal pleadings as well as its unfair practice of filing and prosecuting a collection suit without the intent of ever proving its claims are actionable under the FDCPA. This unfair business practice likewise gives rise to a claim under the MMPA. Accordingly, the Court should deny Jefferson Capital's wholesale attempt to avoid liability at the pleadings phase of this litigation.

Respectfully submitted,

/s/ Richard A. Voytas, Jr.

_____

RICHARD A. VOYTAS, JR., #52046MO
Voytas & Company, LLC
1 North Taylor Ave.
St. Louis, Missouri 63108
Phone: (314) 932-1068
Fax:     (314) 667-3161

## **CERTIFICATE OF SERVICE**

The below signature certifies that on June 10, 2015 the foregoing was served by operation of the Court's electronic filing system on the following counsel of record:

SPENCER FANE BRITT & BROWNE LLP

Joshua C. Dickinson
12925 West Dodge Road, Suite 107
Omaha, NE 68154
(402) 965-8600  (telephone)
(402) 965-8601  (facsimile)
jdickinson@spencerfane.com

Patrick T. McLaughlin
1 North Brentwood Blvd., Suite 1000
St. Louis, MO  63105
(314) 863-7733 (telephone)
(314) 862-4656  (facsimile)
pmclaughlin@spencerfane.com

*Attorneys for Defendant*

/s/ Richard A. Voytas, Jr.
_____