UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY CHAMINEAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-CV-419 (CEJ) |
| ) | |
| JEFFERSON CAPITAL SYSTEMS, LLC, ) | |
| ) | |
| Defendant. ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss the second amended complaint for failure to state a claim. Plaintiff has responded in opposition, and the issues are fully briefed.

### I. **Background**

On November 25, 2014, defendant Jefferson Capital Systems, LLC filed a breach of contract action against plaintiff Gary Chamineak in the Circuit Court of the City of St. Louis to collect a debt plaintiff allegedly owed on a credit card issued by Tribute Card. Defendant attached an affidavit to the petition, attesting that it was the current owner of the debt pursuant to an assignment and that it possessed business records for the credit card account reflecting the balance due and owed. In December 2014, plaintiff was served with a copy of the petition and affidavit. On December 9, 2014, plaintiff filed an answer with affirmative defenses and served discovery requests, asking defendant to produce the documentation and information it referred to in the affidavit. Instead of responding to plaintiff's request, defendant dismissed the lawsuit on December 17, 2014.

Plaintiff brings this action claiming violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* and the Missouri Merchandising Practices Act (MMPA), Mo. Rev. Stat. § 407.010, *et seq.* Plaintiff alleges that defendant filed the state court lawsuit without any documentation or other evidence sufficient to establish that the debt was valid, that the amount of debt was accurate, or that defendant possessed the requisite standing to sue on the debt. Furthermore, plaintiff asserts that defendant filed the collection action for the purpose of obtaining a default or consent judgment without intending to prove its claims.

In the instant motion, defendant argues that the allegations of the complaint are insufficient to support a claim based on either the FDCPA or the MMPA.

**II. <u>Legal Standard</u>**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007) (<u>citing</u> <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508 n.1 (2002)); <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. <u>Id.</u> A viable complaint must include "enough facts

to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also id. at 563 (stating the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

When ruling on a motion to dismiss, a court generally may not consider matters outside the pleadings. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted). It may, however, consider matters of public records, materials that do not contradict the complaint, exhibits attached to the pleadings, and materials necessarily embraced by the complaint. Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010). Defendant attached a copy of the petition in the underlying state court case, a copy of the affidavit of account attached to the petition, and the dismissal of that action. These documents are matters of public records and materials necessarily embraced by the complaint. Thus, the Court may consider these in ruling on the motion to dismiss.

### III. Discussion

#### A. Litigation Conduct and the FDCPA

Defendant first argues that plaintiff's claims are not cognizable under the FDCPA, because defendant's state court litigation conduct cannot form the basis of a violation of the FDCPA. However, defendant's argument fails because language of the FDCPA indicates that Congress intended for the FDCPA to apply to conduct arising from litigation. Eckert v. LVNV Funding LLC, 647 F. Supp. 2d 1096, 1102-03 (E.D. Mo. 2009) (citing Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 231 (4th Cir. 2007)). Specifically, the statute's requirement that debt collectors disclose they are a debt collector in any communication with the consumer does "not apply to a

formal pleading made in connection with a legal action." 15 U.S.C. § 1692e(11). This specific exemption to the disclosure requirements of the FDCPA would be superfluous if formal pleadings in state court litigation were entirely exempt from liability under the FDCPA. Eckert, 647 F. Supp. 2d at 1103 (citing Sayyed, 485 F.3d at 231). As such, "the language of the FDCPA 'provides clear evidence that litigation activity is subject to the FDCPA, except to the limited extent that Congress exempted formal pleadings from the requirements of that particular subsection [§ 1692e(11)].'" Id. (quoting Sayyed, 485 F.3d at 231); see also Miljkovic v. Shafritz & Dinkin, P.A., No. 14-13715, 2015 WL 3956570, at *5 (11th Cir. June 30, 2015) ("If Congress had intended to exempt all litigating activities or any one litigating activity from the Act's other provisions, it presumably would have done so expressly, as it did in § 1692e(11).") (internal quotations omitted); cf. Heintz v. Jenkins, 514 U.S. 291, 299 (1995) (holding that the FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation").

Plaintiff's claims in this action arise out of statements defendant made in the state court petition and attached affidavit, which constitute litigation activity. Thus, plaintiff's claims are cognizable under the FDCPA.

### B. Alleged FDCPA Violations

Next, defendant argues that plaintiff's allegations fail to support an FDCPA claim as a matter of law. Plaintiff's factual allegations in the second amended complaint can be summarized as follows: (1) defendant did not possess the necessary evidentiary foundation for its claims or to demonstrate standing, but nonetheless filed a state court petition without supporting documentation; (2)

4

defendant attached a false affidavit to the state court petition, in which the affiant claimed to have personal knowledge of evidence defendant never possessed or intended to obtain to support its allegations; and (3) defendant filed the collection action for the purpose of obtaining a default or consent judgment without proof of its claims and without intending to prove its claims, as evidenced by defendant's voluntary dismissal upon plaintiff's discovery requests.

The purposes of the FDCPA are "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 577 (2010); § 1692(e). Section 1692e generally prohibits debt collectors from "us[ing] any false, deceptive, or misleading representations or means in connection with collection of any debt." "The threat to take any action that . . . is not intended to be taken" specifically constitutes a violation of this section of the statute. § 1692e(5). Plaintiff alleges defendant violated this provision by filing a lawsuit without the intent of proving the validity of its claims. "The false representation of . . . the character, amount, or legal status of any debt" is also a violation of this section of the Act. § 1692e(2)(A). Plaintiff alleges that defendant violated this provision by asserting false, deceptive and misleading statements in the affidavit it attached to the lawsuit, including attestations unsupported by personal knowledge.

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." § 1692f. Plaintiff alleges defendant violated this catch-all provision by filing a false affidavit in conjunction with the state petition. See Aff. of Acount [Doc. #16-2] (defendant's custodian of records testifying to the

alleged debt plaintiff owed "according to the business records provided to [defendant] by the Original Creditor or is Assignee at the time the Account was purchased"). "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" is also a violation of the Act. § 1692f(1). Plaintiff alleges defendant violated this subsection by filing the state court petition and affidavit in an attempt to collect on a debt despite neither possessing nor intending to obtain the underlying agreement to establish the validity and accuracy of the debt. Finally, plaintiff alleges that defendant's conduct in filing a debt collection lawsuit for the purpose of obtaining a default or consent judgment it neither had the intent nor means to prove violated §§ 1692d-f. See § 1692d (barring debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt").

The mere filing of a lawsuit without the immediate means to prove the debt allegedly owed is insufficient to establish a violation of § 1692e. E.g., Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 331-32 (6th Cir. 2006). Here, however, plaintiff does not merely allege that defendant filed a collection suit without the ability to prove its claim. Instead, plaintiff alleges that defendant filed the underlying collection action with neither the means nor the intent to prosecute the case and prove its claim. The complaint alleges that defendant purchased a debt without receiving the underlying documents that created the debt and filed suit before properly reviewing any documents received, basing the suit on an affidavit signed without any personal knowledge as to whether plaintiff incurred a debt. In

filing the collection action, defendant intended to obtain a default or consent judgment, rather than engage in discovery and adversarial litigation. When plaintiff hired counsel to oppose the action, defendant dismissed the suit. This litigation conduct was false, deceptive, misleading, harassing, or unfair, according to plaintiff, because defendant never possessed the evidence sufficient to prove its claim and never intended to fully prosecute its collection action and validate the underlying debt. See Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1055 (8th Cir. 2002) (stating that in evaluating whether a debt collector's conduct is false, misleading or deceptive, the conduct "must be viewed through the eyes of an unsophisticated consumer").

The Eighth Circuit has not yet addressed whether allegations of a debt collector's lack of intent to prosecute in conjunction with a lack of sufficient evidence to prove its claim are legally sufficient to state a claim for alleged FDCPA violations. Courts in this district and others, however, have found similar allegations sufficient to state an FDCPA claim. E.g., Brewer v. LVNV Funding, LLC, No. 4:14-CV-942 (AGF), 2014 WL5420274, at *1-2 (E.D. Mo. Oct. 22, 2014); Prince v. LVNV Funding, LLC, No. 2:13–CV–462 (WKW), 2014 WL 3361912, at *7–9 (M.D. Ala. July 9, 2014); Hinten v. Midland Funding, LLC, No. 2:13-CV-54 (DDN), 2013 WL 5739035, at *5–8 (E.D. Mo. Oct. 22, 2013); Samuels v. Midland Funding, LLC, 921 F.Supp.2d 1321, 1330-31 (S.D. Ala. 2013); Simmons v. Portfolio Recovery Assocs., LLC, No. 3:11-CV-280 (TAV), 2012 WL 222935, at *2-5 (E.D. Tenn. Jan. 25, 2012); Kuria v. Palisades Acquisition XVI, LLC, 752 F.Supp.2d 1293, 1301-03 (N.D. Ga. 2010); Williams v. Javitch, Block & Rathbone, LLP, 480 F. Supp. 2d 1016, 1021-23 (S.D. Ohio 2007). Accepting the factual allegations in the

complaint as true and construing them in the light most favorable to plaintiff, the Court will follow course with these decisions. Defendant may prevail on summary judgment, but for purposes of Rule 12(b)(6), plaintiff's factual allegations are sufficient to state a claim under the FDCPA. E.g., White v. Sherman Fin. Grp., LLC, 984 F. Supp. 2d 841, 847-48 (E.D. Tenn. 2013) (finding similar allegations found sufficient to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), insufficient without additional evidence to establish a material dispute of fact for trial pursuant to Fed. R. Civ. P. 56).

### C. MMPA Claim

Defendant also argues that plaintiff has not stated a claim for relief under the MMPA as a matter of law. The MMPA makes unlawful "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." Mo. Rev. Stat. § 407.020.1. The definition of "sale" under the MMPA includes "any sale, lease, offer for sale or lease, or attempt to sell or lease merchandise for cash or on credit." § 407.010(6). "Merchandise" includes "any objects, wares, goods, commodities, intangibles, real estate or services." § 407.010(4). The extension of credit, thus, constitutes a "sale" of "merchandise" under the MMPA. Peel v. Credit Acceptance Corp., 408 S.W.3d 191, 209 (2013); see Conway v. CitiMortgage, Inc., 438 S.W.3d 410, 412 (Mo. banc 2014) ("For the purposes of the MMPA, a loan is an agreed upon bundle of services being 'sold' by the lender to the borrower, and the 'sale' of a loan lasts until the last service is performed or the loan is repaid."); see also Snelling v. HSBC Card Servs., Inc., No.

8

4:14-CV-431 (CDP), 2015 WL 457949, at *10 (E.D. Mo. Feb. 3, 2015) (applying the MMPA to a credit card agreement and related consumer purchases).

To state a claim for an alleged MMPA violation, a plaintiff must allege that he or she made a purchase for personal, family or household purposes and suffered a loss of money or property as a result of defendant's deceptive act. Ward v. W. Cnty. Motor Co., Inc., 403 S.W.3d 82, 84 (Mo. banc 2013). The use of an unlawful practice is a violation of the MMPA "whether committed before, during or after the sale," so long as it was made "in connection with" the sale. § 407.020.1. Missouri courts have broadly construed "in connection with" as used in the MMPA to mean "to have a relationship." Conway v., 438 S.W.3d at 414. Thus, the MMPA's prohibition of deceptive practices applies whenever "there is a relationship between the sale of merchandise and the alleged unlawful action" and this action "may occur at any time before, during or after the sale and by any person." Id. (citing § 407.020.1).

Plaintiff has premised his MMPA claim on his original loan agreement with Tribute Card. In Conway, the Missouri Supreme Court described a loan as follows:

> A loan is composed of both the initial extension of credit and the bundle of related services. It creates a long-term relationship in which the borrower and the lender continue to perform various duties, such as making and collecting payments over an extended period of time. Because each party must continue to perform these duties for the life of the loan, the sale continues throughout the time the parties perform their duties. A party's right to collect a loan is part of that sale and is, therefore, "in connection with" the loan.

Id. at 415. Prior to Conway, Missouri courts of appeals had held, in lawsuits brought against third-party debt collectors alleging MMPA violations for deceptive and unfair debt collection practices, that "actions occurring after the initial sales transaction, which do not relate to any claims or representations made before or at

9

the time of the initial sales transaction, and which are taken by a person who is not a party to the initial sales transactions, are not made 'in connection with' the sale." State ex rel. Koster v. Portfolio Recovery Assocs., 351 S.W.3d 661, 667 (Mo. Ct. App. 2011); State ex rel. Koster v. Prof'l Debt Mgmt., LLC, 351 S.W.3d 668, 674 (Mo. Ct. App. 2011) (same).

In Conway, homeowner plaintiffs appealed the dismissal of their MMPA claims against the defendant assignee of the mortgage loan and defendant loan servicer for wrongful foreclosure of a deed of trust. 438 S.W.3d at 412. The Missouri Supreme Court reversed, finding that plaintiffs had stated a claim under the MMPA against both defendants, because their alleged actions were "in connection" with the original loan. Id. at 416-17. Because the MMPA was enacted to supplement the common law definition of fraud, the Conway court found "no compelling reason to interpret 'in connection with' to apply only when the entity engaged in the misconduct was a party to the transaction at the time the transaction was initiated as Professional Debt and Portfolio Recovery Associates require[d]." Id. at 415. Rather, the court found that enforcing the terms of a loan to be in connection with the ongoing sale of a loan. Thus, "loan collection procedures, whether initiated by a loan originator or a loan servicer, are done 'in connection with' the original procurement of the loan." Id. at 416; see Gibbons v. Nuckolls, 216 S.W.3d 667, 669 (Mo. banc 2007) (holding that privity of contract is not required to find a violation of the MMPA); see also May v. Nationstar Mortg., LLC, No. 4:14-CV-578 (TCM), 2014 WL 6607191, at *11 (E.D. Mo. Nov. 19, 2014) (finding that plaintiff had stated an MMPA claim under Conway for defendant's allegedly unfair practices

in attempting to collect payment related to a loan). As such, an assignee to a loan agreement may be held liable for its collection conduct under the MMPA.[1]

Thus, to have stated a claim, plaintiff must have alleged a relationship between the debt collection action and the original loan. In this case, defendant attested that it purchased the credit account issued by Tribute Card to plaintiff. See Affidavit of Account [Doc. #16-2]. The "general rule" of an assignment of a contract "is that the assignee of a non-negotiable obligation occupies exactly the same position with respect thereto that his assignor occupied." United Fin. Plan, Inc. v. Parkview Drugs, Inc., 250 S.W.2d 181, 184 (Mo. Ct. App. 1952); see Marvin's Midtown Chiropractic Clinic, LLC v. State Farm Mut. Auto. Ins. Co., 142 S.W.3d 751, 754 (Mo. Ct. App. 2004) ("An assignment . . . transfers to another all or part of one's property, interest, or rights."). As the creditor's assignee of the original loan agreement, defendant thus owned the right to collect on the loan. The collection actions taken by defendant were, in turn, "in connection with" the loan. Conway, 438 S.W.3d at 415. Therefore, because plaintiff's claims arise out of defendant's allegedly deceptive, misrepresentative, and unfair conduct in attempting to collect on a debt in connection with the original loan's terms, the Court finds that plaintiff has stated a claim under the MMPA.

\* \* \* \* \*

For the reasons set forth above,

---

[1] In Wivell v. Wells Fargo Bank, N.A., the Eight Circuit declined to extend Conway to the trustee-borrower relationship in a wrongful foreclose action involving a deed of trust. 773 F.3d 887, 895 (8th Cir. 2014). The court noted that the deed of trust involved established a narrow, contingent role for the trustee in the event that plaintiffs defaulted. E.g., Sparks v. PNC Bank, 400 S.W.3d 454, 458 (Mo. Ct. App. 2013) (stating that the "appointment of a trustee is triggered by the request to sell the property when the mortgagee directs it" and the trustee has fiduciary duties to both the creditor and debtor "[i]n all matters connected with a foreclosure of the trust deed"). Here, in contrast, defendant asserted it owned or was otherwise assigned the debt, thereby stepping into the shoes of the original creditor to the underlying loan agreement with a right to collect upon the debt in connection with the loan at issue.

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. #15] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of July, 2015.